UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TIMOTHY STANLEY                              CIVIL ACTION NO. 11-cv-1579

VERSUS                                       JUDGE WALTER

BRADLEY LOTT, ET AL                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Timothy Stanley filed suit in state court against three defendants in connection with a traffic accident. Mr. Stanley alleged that the driver of a tractor-trailer rig made a left turn into the path of his pickup truck, causing a collision. Defendants removed the case based on diversity jurisdiction.

Approximately two months after the case was removed (and about two months after the one-year anniversary of the accident), the mother of minor Jacobee Stanley (acting on behalf of her child) filed a **Motion to Intervene (Doc. 12)** in which she suggests that Jacobee was a passenger in his father's truck at the time of the accident. Jacobee is not represented by the same attorney who commenced this action by filing Timothy Stanley's complaint. The proposed complaint in intervention, which appears to be based on a form used by a worker's compensation intervenor, gives no hint as to the nature or extent of injuries, if any, that Jacobee claims.

Defendants oppose the motion on the ground that the court lacks subject-matter jurisdiction over the proposed intervention and that it is untimely under Rule 24. Defendants

say that, if intervention is allowed, they will offer additional procedural and substantive defenses such as prescription.

Had Jacobee joined in the original complaint or appeared by amended complaint as a fellow plaintiff under Rule 20, the court would have supplemental jurisdiction under 28 U.S.C. § 1367 to hear his claim, assuming Jacobee is, like his father, a citizen of Louisiana (or otherwise diverse in citizenship from all defendants). Jacobee has chosen, however, to seek to file a petition of intervention, which is governed by Rule 24.

Section 1367(b) provides that in a civil action of which the court has original jurisdiction founded solely on diversity, the district court shall not have supplemental jurisdiction over "claims by persons ... seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." The Fifth Circuit recently applied the provision to vacate a judgment. The Court found no subject-matter jurisdiction over a petition of intervention when the plaintiff in intervention was not diverse from some of the small defendants and the amount in controversy in the intervention did not exceed $75,000. Griffin v. Lee, 621 F.3d 380, 385-86 (5th Cir. 2010).

Jacobee's proposed petition in intervention, in accordance with Louisiana law, does not pray for a specific amount of damages. Neither the petition nor the memorandum filed by the proposed intervenor provides any facts regarding the nature or extent of any injury, whether any medical expenses were incurred, or other facts from which it might be

determined that there is a basis for exercising jurisdiction over the intervention. The proposed intervenor states that she has had no opportunity to engage in discovery in an attempt to carry her burden of establishing the amount in controversy by a preponderance of the evidence, but discovery should not be necessary for plaintiff-intervenor to describe injuries, medical expenses, and other damages suffered by her own child. Based on the showing made, the **Motion to Intervene (Doc. 12) is denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of January, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE